UNITED STATES, Appellee

v.

BOOKER C. FIELD, Private E-2, U. S. Army, Appellant

5 USCMA 379, 18 CMR 3

380

No. 2210

Decided January 7, 1955

LT COL Herman P. Goebel, Jr., U. S. Army, MAJ Edwin Doran, U. S. Army, CAPT Albert C. Malone, Jr., U. S. Army, and 1ST LT Ivan E. Barris, U. S. Army, for Appellant.

LT COL William R. Ward, U. S. Army, LT COL Charles M. Munnecke, U. S. Army, and MAJ Irvin M. Kent, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The issue in this case is posed by a rehearing on a charge of forgery, in violation of the Uniform Code of Military Justice, Article 132, 50 USC § 726. At the original hearing the accused was tried under this same charge, together with a charge and specification alleging absence without leave, in violation of Article 86 of the Code, 50 USC § 680. By reason of errors having to do with the charge of forgery only, this Court, on appeal, reversed the findings with respect to that offense, set aside the sentence and ordered a rehearing. At the same time, however, we affirmed the findings under the charge and specification alleging absence without leave.

The mandate of the Court directed that "the decision of the said Board of Review in this case be, and the same is hereby, affirmed in part and reversed in part for the reasons set forth in the following opinion." The referenced opinion may be found in 3 USCMA 182, 11 CMR 182. It was further ordered in the mandate "that this case be, and the same is hereby, remanded to The Judge Advocate General of the United States Army for proceedings not inconsistent with the opinion attached."

These proceedings were to be such "as will cause the return of the record to the Board of Review for further review in accordance with the opinion of the Court, or as will cause the convening authority to order a rehearing, if such rehearing is practicable; and, such other and further proceedings as according to right and justice and the Uniform Code of Military Justice ought to be had."

The instant rehearing was thereafter conducted—and findings of guilty of a violation of Article 132 were returned, following a plea of guilty by the accused. After report of these findings, a stipulation was introduced which related: (1) that the accused had been found guilty by a previous court-martial under a specification and charge alleging absence without leave, (2) that —on appellate review—the findings of guilty of this absence had been affirmed, and (3) "the accused stands finally convicted of that offense," although "at this time . . . [he] stands unsentenced for said offense." The members of the court were then informed, without defense objection, that they were required to render a sentence appropriate for both offenses. The sentence

**381**

announced thereafter ran to dishonorable discharge, total forfeitures, and confinement at hard labor for two and one-half years. The convening authority reduced the confinement to two years and suspended the entire sentence —with a provision for automatic remission after one year. The findings and sentence as suspended were thereafter affirmed by a board of review, and review was granted by this Court.

## II

Appellate defense counsel have questioned the propriety of the consideration at the second trial of the original findings of guilt under the charge of unauthorized absence. They appear to concede that there are circumstances under which the procedure employed at the rehearing would have been correct, but they insist that this concession has no application to the case at bar. It is their contention—as we understand it —that the court-martial at the rehearing could not lawfully consider the findings of guilty of unauthorized absence, for the reason that this Court had failed in its mandate to divest itself of jurisdiction over that offense. Accordingly, the charge of unauthorized absence under which findings were rendered at the first trial "rest[ed] in the bosom of this Honorable Court," and was not before the court-martial.

We must indicate our assured disagreement with the construction of our mandate offered by appellate defense counsel. That mandate remands "this case" to The Judge Advocate General. In United States v. Best, 4 USCMA 581, 16 CMR 155, we construed the word "case," as used in Article 67 (b) (3) of the Code, 50 USC § 654, to refer to *the entire proceedings* against an accused." The same construction would, on its face, seem appropriate here. Further, the mandate refers to "the return of the record to the Board of Review" by The Judge Advocate General. Clearly, the charge of absence without leave was a part of the original record which reached us. If that "record" had been remanded from this Court to The Judge Advocate General—as is implicit in the quoted language—then it is difficult for us to comprehend how the charge of absence without leave still remained with this Court.

Moreover, the mandate's alternative of further review by a board of review would be meaningless unless the charge of absence without leave had been transferred from this Court. It will be remembered that the only remaining findings from the original trial—those rendered under the charge of forgery— had earlier been set aside by us as legally erroneous. Unless, therefore, the board of review could act with reference to the charge, specification, and findings of unauthorized absence—which it could not have done if that charge continued to "rest in the bosom" of this Court— literally no action was open to the board on the record. Since, under defense counsel's construction of our mandate, that directive must be deemed to have authorized specifically a pointless remand of the record of trial to a board powerless to act with respect thereto, we find additional reason for rejecting the interpretation they propose.

Furthermore, the mandate must be construed in the light of obvious limitations on the authority of this Court. We have repeatedly emphasized that we hold no warrant to determine the appropriateness of a court-martial's sentence, although we have not denied the possession of power in a proper case to declare punitive action inappropriate as a matter of law. See United States v. Keith, 1 USCMA 442, 4 CMR 34; United States v. Voorhees, 4 USCMA 509, 16 CMR 83. In light of this limitation, it is hard to see what purpose might have been served by retention of jurisdiction over the unauthorized absence charged. Moreover, such a retention would lead to the type of piecemeal case disposition of which we indicated distinct disapproval in United States v. Best, supra. In sum, both the wording of our mandate and the legal framework within which this Court is set, reveal unmistakably that the accused's case retained its unitary character to the extent that no jurisdiction of any portion of the charges against him was retained by this Court after issuance of the mandate.

## III

A more fundamental question has to do with the propriety of our original action in affirming one of ▮▮▮ the findings, while setting aside another and the sentence, and ordering a rehearing. Article 63(a) of the Code, 50 USC § 650, indicates that "if the convening authority disapproves the findings *and* sentence of a court-martial, he may . . . order a rehearing." (Emphasis supplied.) The power of a board of review in this respect, and that of this Court as well, is stated in similar terms in Articles 66(d) and 67(e). See also paragraph 92, Manual for Courts-Martial, United States, 1951.

In United States v. Best, supra, we emphasized that the identical statutory phrasing referred to the sentence and *all* of the findings on which it had been based. Therefore we refused to approve an appellate procedure whereunder various findings of guilty might be severed one from another in their consideration by this Court. By analogy, the Code's rehearing provisions in Articles 63(a), 66(d), and 67(e) appear subject to the construction that, if a rehearing is ordered, then the sentence and *all* findings must be disapproved.

Article 59(a), 50 USC § 646, enters the picture at this point, however, with its direction that a "finding or sentence of a court-martial shall not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." It is well established that, as a general proposition, the mere presence of one or some erroneous findings does not import prejudice affecting others not directly infected. United States v. Walters, 4 USCMA 617, 16 CMR 191; United States v. Adamiak, 4 USCMA 412, 15 CMR 412; United States v. Soukup, 2 USCMA 141, 7 CMR 17; United States v. Patrick, 2 USCMA 189, 7 CMR 65; United States v. Ward, 175 F2d 956 (CA 3d Cir); Gibson v. United States, 149 F2d 381 (CA DC Cir), cert den sub nom O'Kelley v. United States, 326 US 724, 90 L ed 429, 66 S Ct 29. Thus, an error which leads to the dismissal of one or some, but less than all,

charges does not necessitate the disapproval of others. It is hard to perceive any sort of logical reason why an error which requires a rehearing of charges, rather than dismissal, should exercise a greater effect on the validity of other findings of guilty returned by the original court-martial. Indeed, to adopt a construction of Article 63(a) which requires this result would distinctly lead to inconsistency with the policy of Article 59(a).

What then is to be done in a situation like that presented by the instant case? Clearly no final action can be taken in this Court to impose a sentence based on those findings which are untainted by error, and whereon a rehearing as to guilt or innocence cannot be justified. See Manual, supra, paragraph 92. If no further legal action may be taken at this appellate level with respect to such findings, there would seem little point in their retention here. Moreover, we have emphasized that the rehearing provisions of the Code suggest that the original proceeding must retain its unitary character, and that *all* findings and the sentence should be processed together. With this in mind, we shall seek to outline the procedure which we believe should be followed in connection with the rehearing of such a case.

## IV

In cases like the present we are sure that the correct procedure is that which ▮▮▮ was in fact employed at the rehearing with which we are now concerned. In short, from the opening of the case through the findings, the rehearing should proceed with respect only to those charges ordered reheard by reviewing authorities. If the accused is found guilty thereunder, then the court's attention will be directed appropriately to the existence of other approved findings as to which he remains unsentenced. Thereafter, the tribunal will proceed to impose a sentence appropriate both for the offense or offenses of which the accused has been found guilty at the rehearing and as well for that or those as to which the

findings of the first court were approved.

Should the accused be found not guilty under all charges reheard, a different problem exists. May ▆▆▆▆▆ the court-martial thereafter proceed to impose a new sentence on the accused—with reference now only to the approved findings carried forward from the initial trial? Our answer is both that it can, and that it must, do so. Our basic premise is that Congress intended that, in the event of a rehearing, the entire case should return to the trial level. We consider, too, that this *nisi prius* court was meant to act with reference to *all* charges under which a conviction had been returned by the original court-martial, save those dismissed in the course of review, if any. By reason of Article 59(*a*), of course, this action at. the rehearing is limited to the imposition of sentence as to those findings which were in no wise tainted by error at the initial proceeding. But the circumstance that at the rehearing the accused is acquitted of all other charges —that is, the ones reheard—does not logically imply the loss of power to resentence on the original findings. This resentencing is exactly what should occur in the situation hypothesized.

However, what if a record of trial be returned to the convening authority after some, but not all, findings of guilty have been held erroneous by an appellate agency—and that authority concludes, as he properly may, that a rehearing is impracticable? If he elects to dismiss the charges under which the erroneous findings were returned, is he required to convene a court-martial for the purpose of reassessing sentence on the remaining untainted findings? We think not—in the absence of action on the part of appellate authorities setting aside, without limitation or qualification, the sentence returned by the court-martial. It is obvious that the convening authority would not have been required to return the case to a court-martial had he himself disapproved the erroneous findings in the first instance and dismissed the pertinent charges. It must be apparent that it has been our premise herein that, if some of the charges *are presented to a court-martial* for a rehearing purpose, then all must go to the same agency—some, of course, for consideration in connection with sentence only. In the suppositious situation, however, none of the charges has in fact been returned to the trial court level. Therefore, the premise is without application—with the result that no rehearing is then required.

Suppose, however, that the convening authority prefers another course and wishes a court-martial, and ▆▆▆▆▆ not himself, to reassess sentence solely on the basis of the findings deemed proper—all other charges having been dismissed by him. One possibility here, of course, assumes the form of revision proceedings, in conformity to Article 62, 50 USC § 649 —but severe limitations on their use exist. See Manual, supra, paragraphs 80, 86*d*. May he then order a rehearing limited to the reassessment of sentence? Certainly the Federal civilian procedure permits resentencing by the trial court. Military law, on the other hand, does not seem to afford clear precedent for this action, and for this reason we have hesitated heretofore to pass on the propriety of this procedure. We incline to believe, however, that, since —as demonstrated earlier—it is permissible for a court-martial, following rehearing, to resentence on the basis of previous findings of guilt, after acquittal as to all reheard charges, there is no reason to suppose that a similar reassessment would be erroneous in a situation in which the tainted charges were dismissed—instead of having been reheard and the accused acquitted thereunder.[1] It is, of course, unlikely that this practice will be much fol-

---

[1] It must be apparent that the problem involved in cases like the present is readily distinguishable from that found in this Court's line of so-called "closed conference," or "jury intrusion," cases—in some of which the for- bidden instruction related to the sentence only. United States v. McConnell, 1 USCMA 508, 4 CMR 100; United States v. Woods, 2 USCMA 203, 8 CMR 3. And much the same may be said of the situation found in, say, United

lowed—for obvious and compelling reasons of a practical character— and we express no opinion concerning its desirability. Because we do not regard it as unlawful, however, it has been mentioned in the interest of completeness.

## V

In light of the foregoing, it is apparent that we find no error in connection with the present rehearing. Accordingly, the findings of guilty under both Articles 86 and 132, and the sentence rendered thereon at the rehearing, stand approved.

Chief Judge QUINN and Judge LATIMER concur.

---

States v. Coulter, 3 USCMA 657, 14 CMR 75.

Of the numerous differences, reference need only be made to one. Here the error requiring reversal of the forgery findings returned by the first court-martial had to do with no more than the improper admission of evidence. In the mentioned cases, however, we were dealing with a structural member of the new edifice of military justice—that is, the Court had before it an overt violation of a critical and basic norm of the current, and then novel, system. The majority simply felt that the trenchant course it followed was demanded by the situation it met—in fact, that the action taken constituted the only available means for facing up to the problem with effectiveness and force. It will be recognized that this philosophy prompted differences in handling not required here. Judge Latimer dissented, and urged that the error could be corrected at the *appellate* level by a board of review. See United States v. Woods, supra.