UNITED STATES, Appellee

v

GEORGE R. STENE, Lieutenant Commander, U. S. Naval Reserve, Appellant

7 USCMA 277, 22 CMR 67

No. 8325

Decided August 17, 1956

*Commander Earl C. Collins* argued the cause for Appellant, Accused.

*Commander Guilbert W. Martin* argued the cause for Appellee, United States,

GEORGE W. LATIMER, Judge:

The controversy which caused us to grant accused's petition for review arose out of the decision of the board of review to affirm a sentence of dismissal. The facts relevant to that dispute deal mostly with the board's conclusion that the sentence was appropriate. However, to present properly the issue of appropriateness of punishment, it is necessary that we make reference to other facts admitted by accused's plea of guilty.

On March 2, 1955, the accused was on duty in the Philippine Islands. Prior to that time, he had been having financial difficulties with his family, for he judicially confessed to dishonorably breaking his promise to his commanding officer to the effect that if he was granted thirty days emergency leave in the United States he would settle his marital accounts. Because of his promise, leave orders were issued and air transportation to this country, at no cost to him, was made available. The orders provided that upon expiration of his leave period, he would report to the Commandant, nearest Naval District (in this instance San Diego), for return transportation to his organization. The accused arrived in the United States on March 15, 1955, and his period of leave expired thirty days thereafter. Apparently from that time on his future in the Service became of little importance to him, for contrary to his promise he neglected to contact his wife to discuss their financial difficulties, and he failed to return to Naval control within the time granted him by official orders. For reasons not explained by him or reflected in the record by other testimony, he broke faith with his commanding officer and his Government by avoiding contact with his family and by remaining absent without authority for some twenty-six days.

Because of his official delicts the accused was charged under three separate specifications with having committed the following offenses: absence without leave for twenty-six days in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680; failure to obey an order contrary to Article 92, Uniform Code of Military Justice, 50 USC § 686; and dishonorably failing to keep a promise in contravention of Article 133, Uniform Code of Military Justice, 50 USC § 727. He pleaded guilty to all charges and specifications and the court-martial sentenced him to be dismissed from the service. The convening authority affirmed the findings and sentence, but the board of review concluded that the third specification which alleged the breach of promise did not state any offense and it thereupon dismissed that specification. However, the board affirmed the findings as to the other two offenses and found the sentence of dismissal to be appropriate punishment for the findings affirmed. The accused filed a petition for rehearing in which he importuned the board to reconsider its action affirming the sentence and to order a rehearing before another court-martial so that the trial forum could assess a sentence based on the reduced findings. The board denied the requested relief and reaffirmed its prior conclusion that the sentence was appropriate for the offenses alleged in the first two specifications. Appellate defense counsel argues vigorously that the board of review abused its discretion in not granting a rehearing. We conclude otherwise, even though the penalty imposed may appear to us to be quite severe.

Article 66 of the Code, 50 USC § 653, provides that a board of review shall affirm such sentence, or part or amount thereof, as it finds correct in law and in fact and determines on the basis of the entire record should be approved. A right to fit the punishment to the crime is thus vested in that agency, but no such power has been conferred on us. Here the board concluded that the sentence as imposed by the court-martial was legal and appropriate in all respects for the offenses which were affirmed. Accused concedes that the board of review has the power to determine sentence appropriateness in cases where a reduction of the sentence in kind can be made, but he contends a different

rule prevails when, as here, a sentence cannot be modified by that appellate agency. To support his contention, he relies heavily on the rule announced by us in United States v Voorhees, 4 USCMA 509, 16 CMR 83. From our search through the record, we gather that the reason the board of review granted a rehearing before it in the case at bar was to consider whether that case supported the views presented by accused, for the opinion before us specifically dwells upon the principles enunciated therein. However, the board differed sharply with defense counsel on the interpretation to be given that decision, and specifically concluded it could affirm the sentence and remain within the spirit and letter of the rules therein spelled out. We agree with the board of review.

In that instance, we were confronted with the question of whether a board of review had the power to affirm a sentence of dismissal when it reversed the findings on all three major offenses and one minor one, and there remained only an affirmance on one minor and technical violation of regulations. In this case, we must use a different yard stick, for there remain substantial offenses to support the sentence. The two cases are similar only in that both instances a sentence was imposed by the court-martial which could not be reduced by a board of review. However, in the former case the court-martial had before it three major offenses and two which were relatively insignificant, and on that basis, it imposed what it believed to be an adequate punishment. All that remained before the board of review, however, was one minuscule support for the sentence. We, therefore, held that if the penalty, fixed by the members of the court-martial, was an appropriate reparation for the wrong believed done, no reviewing court could reasonably conclude that the court-martial would impose the same sentence of dismissal for the commission of the remaining petty crime. Here we are presented with a situation where the two affirmed offenses are flagrant violations of punitive articles of the Code. While the specification dismissed alleged a serious disregard for military law,

we cannot say the affirmed sentence is so grossly disproportionate to the offenses of which the accused remains convicted that it must be set aside as unconscionable. While the cases may only differ in degree, they are so far apart factually that the dissimilarity calls for different results.

One other point of departure worth mentioning is that in the Voorhees case, we were not convinced that the board of review, which reviewed that record, was aware of its authority to grant a rehearing on the guilt or innocence of the accused if it concluded the sentence was inappropriate and should not be affirmed. It is only in an exceptional case that a board of review will be required to consider granting a rehearing because it cannot ameliorate the punishment, and that was the situation in Voorhees. It was a case of first impression under the Uniform Code and to fix the general principle involved, we stated this to be the rule: When an accused is found guilty of a number of offenses and the board of review affirms only one which is a technical violation of a minor nature and an infinitesimal part of the combined findings supporting the original sentence, a rehearing by a court-martial is an appropriate means of correcting an injustice when the board is without the power to take other corrective action. The following language taken from one of the concurring opinions states the principle:

". . . But what I do contend is that, having no power to change the type or nature of the sentence, and being precluded from making the punishment fit the crime, the board should have refused to pass on the appropriateness of the sentence until some military judicial body with the authority to consider all forms of sentence should have had an opportunity to fix a reasonable sentence. It is to be remembered that in this type of case the court-martial freezes the sentence into a package form which is untouchable until it passes from control of the military judicial channels to administrative sources. The only method of melting the solidity of the sentence is by starting the

proceedings anew. When a sentence package, such as confronts us here, is passed to the board of review, it must accept or reject it in its entirety. Obviously, if the findings remaining after the board of review has acted have any reasonable resemblance to the quantity and quality of those considered by the court-martial, then an acceptance of the sentence might be considered appropriate. But when what remains is but an insignificant part of the original, justice and a fair trial demand some tailoring of the punishment imposed by the court-martial. When, by law, the body with power to reverse findings is precluded from adjusting a sentence so as to make it appropriate to the conviction, one method of correcting the wrong is by the grant of a rehearing." [Page 543.]

In the instant case, when the board of review reconsidered its previous action in affirming the sentence of dismissal, it gave careful consideration to the views expressed by the members of this Court in the Voorhees case. It genuinely sought to apply the principles of that decision to the facts of this case, and we are not prepared to say it erred in its application. The conclusion of the board and its supporting rationale may be gathered from the following language:

"We emphasize that the findings left standing in the instant case constitute the bulk of the quantity and quality of those considered by the court-martial in that they are serious breaches of military discipline, and as such, we deem the sentence as it now stands, appropriate for the affirmed findings."

Over the five-year period of this Court's existence, we have repeatedly returned cases to boards of review for reassessment of sentence when a specification has been dismissed or the findings set aside by us. In addition, those agencies have long determined the appropriateness of sentences in the light of altered and modified findings. The power of a board to fix the quantum of punishment with or without affirming all findings is no longer in doubt.

The principles controlling in that area have become so well fixed that little need be said concerning their place in our practice and procedure. However, at the risk of being redundant, we repeat that in military law, a single inclusive sentence is imposed, and unless a board of review has the power to affirm a sentence in whole or in part when findings are modified, the whole appellate superstructure must be redesigned. One of the cardinal principles set out in Article 66 of the Code is that a board of review may affirm all or part of the findings and determine a specially suited sentence from the entire record. That obviously means the record as it stands or as it has been changed by action on the findings. That must necessarily follow, for in some instances, the punishment imposed by the court-martial is assessed solely on the most serious aspect of the criminal transaction even though it may have been charged in several ways. In other situations, the total sentence may be determined by totaling the punishment considered appropriate for each crime. The record does not disclose the method used, but to make a workable system, some appellate agencies must have the power to adjust the sentence if the findings are changed on appeal. Congress has given boards of review the authority to determine the appropriateness of sentence, and surely within that grant of power would be the right to make the determination regardless of the action on the findings, in all cases where the sentence is one which the board is authorized to change. We believe the principle is expressed properly in United States v Keith, 1 USCMA 442, 4 CMR 34. We there said:

". . . We quite agree that if a military judicial agency empowered to do so has determined that the original sentence is appropriate for a single valid conviction in a case involving several specifications, we are powerless to disturb that determination on review."

In this particular case, a military judicial agency which has the power to determine the appropriateness of sentence has twice concluded as a matter of fact and of law that the sentence of

dismissal is appropriate for the two remaining valid convictions. The crimes committed were serious breaches of military law, and we cannot say they do not constitute a major part both quantitatively and qualitatively of the offenses considered by the court-martial. Such being the case, the board of review did not abuse its discretion in affirming the sentence, and we would exceed our prerogatives if we were to reverse.

The decision of the board of review must be, and is, affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (Dissenting):

First, I disagree with the conclusion in the principal opinion that United States v Keith, 1 USCMA 442, 4 CMR 34, holds that this Court cannot review a sentence. In the Keith case, Judge Brosman, who wrote the opinion for the Court, also said (pages 450, 451):

". . . We prudently leave for future consideration the question of whether appropriateness—or its opposite—may be determined by us in a proper case as a matter of law."

Later, writing for a unanimous Court, in United States v Field, 5 USCMA 379, 382, 18 CMR 3, Judge Brosman said:

". . . We have repeatedly emphasized that we hold no warrant to determine the appropriateness of a court-martial's sentence, although *we have not denied the possession of power in a proper case to declare punitive action inappropriate as a matter of law*. United States v Keith, 1 USCMA 442, 4 CMR 34; United States v Voorhees, 4 USCMA 509, 16 CMR 83." [Emphasis supplied.]

Secondly, I disagree with everything in the principal opinion which either directly or by implication limits the power of a board of review to reduce a sentence of dismissal to a less severe punishment. See my dissenting opinion in United States v Goodwin, 5 USCMA 647, 18 CMR 271.

Turning to the case itself, in my opinion, a rehearing by a court-martial should have been ordered by the board of review. The offense set aside by

the board of review was charged as a violation of Article 133, Uniform Code of Military Justice, 50 USC § 727 (Conduct unbecoming an officer and gentleman). Before enactment of the Uniform Code, it was the standard practice in the Navy for a court-martial to adjudge dismissal upon conviction of an offense of that nature. In the Army and the Air Force dismissal was absolutely mandatory. Article of War 95, 10 USC § 1567. See United States v Downard, 1 USCMA 346, 3 CMR 80. The Uniform Code ameliorated the rigors of the previous law, but it certainly did not minimize the obvious importance of an act charged as conduct unbecoming an officer. The charge is so serious that I cannot escape the conclusion that it substantially influenced the court-martial in adjudging the sentence that it did. As I said in my dissenting opinion in United States v Sippel, 4 USCMA 50, 61, 15 CMR 50: "If we are to guess at the reasoning used by the court in reaching its final sentence, we can just as easily and logically assume that the court decided to adjudge dismissal because of Charge I."

True, the findings of guilty affirmed by the board of review support the sentence. However, the mitigating circumstances relating to these offenses are so substantial I doubt that the court-martial gave any consideration to these offenses in fixing the punishment. The situation here is very similar to that in United States v Best, 6 USCMA 39, 19 CMR 165. There the accused was convicted of premeditated murder, larceny, and a two-day unauthorized absence alleged as a violation of Article 86, Uniform Code of Military Justice, supra, § 680. The board of review set aside the findings of guilty on the murder charge. Since the offenses were committed in Korea, during a time when the Table of Maximum Punishments was suspended as to Article 86, the unauthorized absence charge legally supported a sentence which included imprisonment for life. On that basis, the board of review could have affirmed a sentence to life imprisonment, However, the board of review recognized that the sentence adjudged by the court-martial was plainly predicated upon the

major offense. As in the Best case, the facts here require "a primary rather than a 'secondary and derivative' redetermination of the sentence." United States v Voorhees, 4 USCMA 509, 531, 16 CMR 83.