UNITED STATES, Appellee

v

PETER KUCHINSKY, JR., Chief Warrant Officer,
U. S. Marine Corps, Appellant

17 USCMA 93, 37 CMR 357

No. 19,919

June 16, 1967

*Lieutenant Colonel Frederick H. Campbell,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Commander Owen L. Cedarburg,* USN.

*Lieutenant Edward A. Infante,* USNR, argued the cause for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

The appellant was arraigned before a general court-martial convened at the U. S. Naval Base, Subic Bay, Philippines, charged with violating Section 1001, Title 18, United States Code, by making a false writing, and two specifications of larceny, in violation of

**93**

Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. He pleaded not guilty but was found guilty as charged and sentenced to be dismissed and fined $2,000.00. The convening authority approved the findings and sentence but the board of review modified the sentence by approving the "dismissal, and only so much of the fine as combined with the amount which is being withheld from the accused's pay to liquidate the indebtedness he incurred as a bailee as Officer in Charge of the U. S. Naval Brig, Subic Bay, Philippines, as does not exceed $2-000.00."

We granted review to consider the following issues:

(1) Whether the law officer was required to instruct, *sua sponte*, on defenses put in issue by the appellant.

(2) Whether the argument of trial counsel implied that the appellant could be convicted of larceny if he was negligent in his handling of the funds entrusted to his care or did not act toward this trust as a reasonable man would act.

(3) Whether the law officer was correct in regard to the maximum punishment imposable under the Title 18 offense.

According to the prosecution's evidence, the offenses allegedly occurred while the appellant was the duly appointed brig officer and custodian of the funds and valuables of the prisoners at the U. S. Naval Base Brig at Subic Bay. The shortages of funds were discovered as the result of a letter sent by the commanding officer of the Naval Station, Treasure Island, San Francisco, California, written on behalf of certain prisoners who had been transferred to his command from Subic Bay, inquiring as to the whereabouts of this money and valuables which had been deposited with the appellant upon their incarceration at Subic Bay. When the accused indicated he could not produce these funds, an investigation was commenced by the Office of Naval Intelligence on August 14, 1965, which re-

vealed a shortage in his accounts of about $1,700.00. Also revealed by the investigation was a false audit report of the funds, purportedly conducted in July 1965, prepared by the appellant. The Government contended this report was made in order to cover up the shortage in view of a contemplated visit by the Inspector General.

In his defense, the appellant took the witness stand and denied having taken the missing funds. He admitted knowing of a shortage and causing the spurious audit report to be placed in the files in order to update them for the Inspector General. However, he testified, "It was not put in there to cover up a little shortage of funds or anything else of this nature." In addition, the defense introduced evidence reflecting that prisoners' property taken from them at the time of their incarceration was handled, safeguarded, and accounted for in a slipshod and negligent manner by the brig personnel and by the appellant as custodian, thus raising the issue of negligent loss. It is this evidence which brings us to our consideration of the first issue.

The staff legal officer, in his posttrial review, summarized this portion of the record as follows:

". . . As a matter of procedure, cash and valuables of prisoners were taken and inventoried at the start of their confinement and turned over to the brig officer for safekeeping. Evidence was adduced to show that the cash and valuables of the prisoners were either turned over by the brig warden to the brig officer personally or placed on his desk if he was not present. There were times when the items remained on the brig officer's desk overnight or for a number of days."

The law officer, in his instruction to the court on the offense of larceny, informed the members, in pertinent part, that mere failure to account for funds when an accounting is due is not sufficient to support a finding of guilty but must be considered together with all other facts and circumstances. He did not, however, as the board of re-

view observed, instruct the court relative to any defense which may have been established by the evidence reflecting appellant's negligence. The board, holding that negligence is an affirmative defense to larceny through wrongful withholding by a custodian of funds, adverted to our opinions in United States v Sitren, 16 USCMA 321, 36 CMR 477, and United States v Sheeks, 16 USCMA 430, 433–434, 37 CMR 50, wherein we stated that " 'An accused is entitled to have presented instructions relating to any defense theory for which there is evidence in the record.' "[1] Nevertheless, the board, noting that trial defense counsel appeared to have proceeded on two theories of defense—that the funds may have been unlawfully taken by others and that the loss occurred through negligence—held that the appellant waived his right to an instruction on loss by negligence by requesting an instruction on failure to account and by not objecting to the instructions given. In this situation, it decided that the rule propounded in the cited cases was inapplicable here. The basis for the board's view was that the two above-stated theories of defense were inconsistent and incompatible in that the first requires a willful unlawful act by another, and the second not only negates willfulness but places the dereliction within the accused—not another.

In the early case of United States v Lamerand, 4 USCMA 702, 16 CMR 276, we held that negligent loss, where reasonably raised by the evidence, was a defense to a charge of embezzlement brought under Article 121 of the Code. In that case, we found the issue raised by the evidence and reversed for the failure of the law officer to give a requested instruction that:

" 'If you believe that the funds alleged to have been stolen were lost through neglect rather than stolen, you will acquit the accused.' " [*Id.,* at page 704.]

Lamerand was a military postal clerk in Japan. On a morning during the pertinent period when he did not appear for work, an audit was conducted of two cash boxes in his cage, one of which was found unlocked. A shortage of $201.48 was determined. On interview, he denied any knowledge of the loss. Cross-examination of his superior developed that Lamerand was very careless in the performance of his postal duties and on one occasion he was reprimanded for leaving his cash box too near the window of his cage. This testimony, plus the finding of one box unlocked on the morning of the audit, was determined to be sufficient to raise the affirmative defense of negligent loss and to require the giving of the requested instruction.

Implicit in the defense in *Lamerand* was that the shortage was occasioned by the *peculation of another,* made possible because of the *negligence of that accused* in the performance of his military duties. So, too, in the case at bar. Rather than being two inconsistent and incompatible defense theories, as viewed by the board of review, it is all part of the same defense. See also United States v Lyons, 14 USCMA 67, 33 CMR 279, and United States v Keleher, 14 USCMA 125, 33 CMR 337.

Finding, as we do, that negligent loss was raised by the evidence, we hold that the law officer was required, *sua sponte,* to instruct thereon. His failure to do so constituted prejudicial error and requires reversal of the appellant's conviction of the two specifications of larceny.

Holding as we do on this issue, we need not discuss in any detail the second issue—the argument of trial counsel. The Government concedes that counsel's remarks were confusing and ambiguous; that he seemed to be saying that if the accused was negligent this must be considered with all the other circumstances of the case; but that the complained-of passage "is too confusing to imply anything and, accordingly, could not possibly have prejudiced the accused."

---

[1] For additional citations supporting this holding, see United States v Sheeks, 16 USCMA 430, 37 CMR 50, at page 434.

Since the issue will not arise on a retrial of this case, we need not determine its impact on the court which convicted the appellant. Suffice it to say that while the requisite intent necessary to return a finding of guilty of larceny may be inferred from many things, negligence is not one of the bases therefor.

The Government concedes, on the third issue noted above, that the law officer erred in his determination that the maximum imposable punishment for the charged offenses included confinement at hard labor for ten years. Since he regarded the two specifications of larceny as merging for punishment purposes, the maximum for which is five years confinement, he obviously believed that the false writing offense likewise extended to five years confinement at hard labor. This was error, as the Government points out, for we held in United States v Middleton, 12 USCMA 54, 30 CMR 54, that a violation of Section 1001, Title 18, United States Code, brought as an offense under Article 134 of the Code, is limited to a maximum punishment to confinement of one year since it is closely related to Article 107 of the Code which carries such a punishment. The Government rejects, however, the appellant's contention that all of the offenses merged and the maximum confinement imposable was five years.

We agree that the offenses do not merge, for the making of the false audit, although possibly facilitating the larcenies involved, is a separate and distinct transaction. In any event, since a rehearing both on the larceny findings and sentence is appropriate, the error will not recur.

The decision of the board of review as to (1) the false writing offense is affirmed, (2) the larceny offenses is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.