UNITED STATES, Appellee

v

HARRY E. GUSTAFSON, Staff Sergeant,
U. S. Air Force, Appellant

17 USCMA 150, 37 CMR 414

No. 20,028

July 28, 1967

 

*Lieutenant Colonel Bertram Jacobson* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph Buchta.*

*Lieutenant Colonel William F. Rutherford* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

## Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial upon charges of larceny and making and uttering a worthless check, in violation of Uniform Code of Military Justice, Articles 121 and 123a, 10 USC §§ 921, 923a, respectively, the accused pleaded not guilty to the former and guilty to the latter count. He was nevertheless found guilty of both and sentenced to bad-conduct discharge, forfeiture of $59.00 per month for three months, confinement at hard labor for three months, and reduction. Intermediate appellate authorities affirmed, the board of review noting that the punitive discharge had, subsequent to the action of the supervisory authority, been probationally suspended, with provision for automatic remission on June 21, 1967. We granted accused's petition for review upon the assignments that his oral extrajudicial statements were admitted in evidence without proof of an adequate warning as to his right to counsel and that the president of the court-martial erred in failing to instruct, *sua sponte*, on the affirmative defense of negligent loss with respect to the larceny charge.

### I

We turn first to the issue regarding accused's pretrial oral statements. They were obtained by an Air Police investigator on July 29, 1966, after accused was ordered to report to his office. Both parties agree the warning given the accused prior to his interro-

gation was deficient in that Gustafson was not informed of his right to appointed counsel. See United States v Tempia, 16 USCMA 629, 37 CMR 249, and Miranda v Arizona, 384 US 436, 16 L ed 2d 694, 86 S Ct 1602 (1966). The Government, however, urges accused was not in custody as, following his appearance at the investigator's office, he was told "he was not under arrest or in custody and he was free to leave at any time." The defense, on the other hand, urges the fact that accused was ordered to report for interrogation places this case well within *Tempia,* supra. Cf. United States v Tempia, supra, at page 636, and People v Kelley, 57 West's Cal Rptr 363, 424 P2d 947 (1967). We need not consider these arguments, however, for the record makes it plain that the receipt of evidence of accused's declarations was agreeable to the defense.

The date of this trial and, indeed, of the interrogation was long after the decision in Miranda v Arizona, supra. Yet despite the investigator's testimony concerning a defective warning, defense counsel not only did not object to receipt of the statements but thereafter actively cross-examined the witness in order to bring out further details. The burden is on the United States to establish compliance with *Miranda* and *Tempia,* both supra, beyond a reasonable doubt, and absence of objection thereto does not excuse its

**151**

failure to prove a proper warning. United States v Smith, 15 USCMA 416, 35 CMR 388. Nevertheless, accused may consent to receipt of the evidence. United States v Smith, supra; United States v Bryson, 3 USCMA 329, 12 CMR 85; Manual for Courts-Martial, United States, 1951, paragraph 140a. Here, he clearly did so.

Thus, counsel's first question on cross-examination directly asked for a repetition of the accused's statement and, thereafter, he sought further details. As it was exculpatory in nature and formed the basis for accused's claim of losing the property he was alleged to have stolen, counsel's interest in bringing the matter before the court is understandable. Indeed, he made the statements the basis of his final argument to the court that accused should be acquitted of larceny, and it forms the basis of the assignments of instructional deficiency hereinafter discussed. Under these circumstances, we consider it unnecessary to resolve the question presented and turn to the second issue.

## II

By this assignment, we are urged to reverse on the basis of the president's failure, *sua sponte*, to instruct on the affirmative defense of negligent loss to the larceny charge. A brief statement of the evidentiary background will place the matter in its proper perspective.

Accused and two other airmen jointly occupied an off-base apartment. His cotenants delivered the sum of $81.00 to Gustafson in order that he might pay the rent and certain other bills in connection therewith. Subsequently, it was discovered that these obligations had not been paid and, when the subject was broached to him, accused engaged in a course of conduct which was clearly sufficient in law to justify the inference that he had appropriated the monies to his own use.

While the accused did not testify, his oral pretrial statements purported to set forth the circumstances surrounding his failure to pay the rent and other bills. In it, accused admitted he had received the funds from his cotenants but that "he lost this money that same day in the GEX parking lot." On this foundation, appellate defense counsel urge the necessity of instructions to the court on the affirmative defense of negligent loss. Contrarily, the United States argues there is no such defense and that the evidence is merely contradictory of the prosecution's case. Thus, it contends no special instructions are required.

We reverse. The case before us is substantially the same as United States v Kuchinsky, 17 USCMA 93, 37 CMR 357. There, the accused was likewise charged with larceny of funds entrusted to his care. He also declared he had not stolen the monies but had somehow lost them. As here, the court was not instructed on the defense theory. We unanimously held such to be prejudicial error, pointing out, at page 95:

"In the early case of United States v Lamerand, 4 USCMA 702, 16 CMR 276, we held that negligent loss, where reasonably raised by the evidence, was a defense to a charge of embezzlement brought under Article 121 of the Code.

. . . . . .

"Finding, as we do, that negligent loss was raised by the evidence, we hold that the law officer was required, *sua sponte*, to instruct thereon. His failure to do so constituted prejudicial error and requires reversal of the appellant's conviction of the two specifications of larceny."

In like manner, the accused's oral, pretrial statements presented to this court-martial the affirmative defense that he had negligently lost the funds entrusted to his care. United States v Lamerand, 4 USCMA 702, 16 CMR 276; United States v Kuchinsky, supra. Such was the theory of his defense, and he was entitled to *sua sponte* instructions thereon. United States v Sitren, 16 USCMA 321, 36 CMR 477; United States v Sheeks, 16 USCMA 430, 433, 37 CMR 50, 53. See also the extensive discussion of the law officer's duty in this regard in United States v Flippen, 16 USCMA 622, 37 CMR 242, at page

624. In consequence, we find the president erred prejudicially in failing so to submit the accused's case to the fact finders.

The findings of guilty of Charge I and its specification are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. The board may reassess the sentence on the basis of the remaining findings of guilty or order a rehearing on Charge I and its specification and the penalty.

Chief Judge QUINN and Judge KILDAY concur.