UNITED STATES, Appellee

v

PETER KUCHINSKY, Jr., Chief Warrant Officer, U. S. Marine Corps, Appellant

17 USCMA 495, 38 CMR 293

■■■■■■■■■■■■■■■■■■■■■■■■■■■

No. 19,919

May 3, 1968

*Major Ernest B. Wright*, USMC, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Frederick H. Campbell*, USMC, and *Captain W. H. Hogan, Jr.*, USNR.

*Commander Walter F. Brown*, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel C. R. Larouche*, USMC.

## Opinion of the Court

KILDAY, Judge:

The appellant was arraigned before a general court-martial convened at the U. S. Naval Base, Subic Bay, Philippines, charged with violating section 1001, Title 18, United States Code, by making a false writing and with two specifications of larceny, in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921, respectively. He pleaded not guilty but was found guilty and sentenced to dismissal and to a fine of $2,000.00. The convening authority approved the findings and sentence. However, a board of review modified the latter by affirming the "dismissal, and only so much of the fine as combined with the amount which is being withheld from the accused's pay to liquidate the indebtedness he incurred as a bailee as Officer in Charge of the U. S. Naval Brig, Subic Bay, Philippines, as does not exceed $2000.00."

Subsequently, this Court granted review to consider issues involving the need for the law officer to give *sua sponte* instructions; trial counsel's argument on the merits; and the permissible maximum punishment imposable. In our view, the law officer was required to give an instruction, *sua sponte*, on the defense of negligent loss as raised by the evidence, and we so held. United States v Kuchinsky, 17 USCMA 93, 37 CMR 357.

This omission alone constituted reversible error. Discussion of trial counsel's argument was thus rendered unnecessary for we were of the opinion that the "issue will not arise on a retrial of this case." *Id.*, at page 96. Moreover, Government counsel, at that time, conceded the incorrectness of the law officer's instruction on the maximum punishment imposable under the Title 18 offense. We, on the other hand, agreed that not all of the offenses merged for sentencing purposes. In any event, we summarily disposed of this controversy saying, "since a rehearing both on the larceny findings and sentence is appropriate, the error will not recur." *Id.*, at page 96.

In short, the decision of the board of review to the false writing offense was affirmed, the larceny offenses were reversed, and the record of trial was returned to the Judge Advocate General of the Navy so that a "rehearing may be ordered." *Id.*, at page 96. It is appropriate to note that the Court's mandate to the Judge Advocate General of the Navy provides:

". . . You, therefore, are hereby advised that such proceedings be had in said case as will cause the convening authority to order a rehearing, if such rehearing is practicable; and, such other and further proceedings as according to right and justice and the Uniform Code

of Military Justice ought to be had, the said decision of the Board of Review notwithstanding."

Thereafter, by way of a supplementary action dated July 31, 1967, the convening authority in this case determined that a rehearing was impracticable. Both counts of larceny were dismissed. The false writing conviction, of course, remained. Only so much of the sentence as provided for dismissal from the service was approved, with the execution thereof "suspended for a period of 12 months, from the date of this action, at which time, unless the suspension is sooner vacated, the sentence to dismissal will be remitted without further action." Following this, a board of review affirmed the amended sentence holding:

"We have reexamined the cases of United States v Field, 5 USCMA 379, 18 CMR 3; United States v Voorhees, 4 USCMA 509, 16 CMR 83; United States v Johnson, 7 USCMA 488, 22 CMR 278; and United States v Zunino, 15 USCMA 179, 35 CMR 151, and while we believe the convening authority was not barred from referring the case to a court-martial for a rehearing on the sentence, we are convinced he was not under a mandatory requirement to do so but could reassess the sentence solely on the basis of the remaining untainted guilty findings."

This Court has now granted appellant's petition for review to consider:

Whether the convening authority's supplementary action of July 31, 1967, as affirmed by the board of review, complied with the mandate of this Honorable Court on June 28, 1967.

Appellate Government counsel contend that the convening authority's action was one of several legal alternatives available to him. Furthermore, our case of United States v Field, 5 USCMA 379, 384, 18 CMR 3, shows it to be the proper alternative in this instance, for Judge Brosman there wrote:

"However, what if a record of trial be returned to the convening

authority after some, but not all, findings of guilty have been held erroneous by an appellate agency— and that authority concludes, as he properly may, that a rehearing is impracticable? If he elects to dismiss the charges under which the erroneous findings were returned, is he required to convene a court-martial for the purpose of reassessing sentence on the remaining untainted findings? We think not—in the absence of action on the part of appellate authorities setting aside, without limitation or qualification, the sentence returned by the court-martial. It is obvious that the convening authority would not have been required to return the case to a court-martial had he himself disapproved the erroneous findings in the first instance and dismissed the pertinent charges. It must be apparent that it has been our premise herein that, if some of the charges *are presented to a court-martial* for a rehearing purpose, then all must go to the same agency—some, of course, for consideration in connection with sentence only. In the suppositious situation, however, none of the charges has in fact been returned to the trial court level. Therefore, the premise is without application— with the result that no rehearing is then required."

Appellate Government counsel decry the suggestion that United States v Voorhees, 4 USCMA 509, 16 CMR 83, places the instant case beyond the range of United States v Field, supra. Reference is made to United States v Johnson, 7 USCMA 488, 494, 22 CMR 278, where, it is argued, the thrust of *Voorhees* is shown to be directed to those occasions where "justice require[s] a redetermination of the sentence by the court-martial." In such instances, the Court specifically directs such action. United States v Kowert, 7 USCMA 678, 23 CMR 142, is also relied upon.

Government concludes that "'a redetermination of the sentence by the court-martial'" was not required by

either our previous opinion of June 16, 1967, by our order of June 28, 1967, or by the *Voorhees* rule. When the crime affirmed is a flagrant violation of a codal provision—and the false writing charge is so described—so that the affirmed sentence is not grossly disproportionate, there need not be a "primary" rather than a "secondary" re-evaluation of the sentence. United States v Stene, 7 USCMA 277, 22 CMR 67.

Counsel for the defense point to the contrasting language of the order in this case in comparison to those of other cases. This will show that where *reassessment* of the sentence purges the error, the board of review is afforded the opportunity to act "without the necessity of retracing the entire chain of judicial review." United States v Bosley, 17 USCMA 350, 38 CMR 148, is offered as such an example. That the present order contemplated a rehearing on the sentence is clearly demonstrated by the portion of the Court's opinion noting that a rehearing on the larceny findings and sentence was appropriate. Relying upon United States v Johnson and United States v Voorhees, both supra—cases where the convening authority was called upon to redetermine rather than a board of review to reassess—defense assert that the same rationale commends itself at this time. United States v Field, supra, relied upon by the Government, is distinguishable as being a rehearing on both findings and sentence with that portion of the decision being dicta in matters relative to this case.

We have no hesitancy in saying that here the convening authority's action is in error. Moreover, the character of the charges reversed, entwined as they were with the remaining false writing charge, leaves little doubt that the Court intended, indeed expected, that a rehearing in this case would be the result of our opinion. It twice-over embodied utterances, heretofore set out, calculated to insure that end. The Court's accompanying mandate granted neither enlargement nor deviation in this judicial course.

**498**

Others emphasized that the convening authority was permitted alternatives. These, however, were not unlimited. Seemingly ignored is the fact that with a rehearing ordered, the restriction imposed by Article 67, Uniform Code of Military Justice, 10 USC § 867, comes into being. It is there provided, in pertinent part:

". . . If the court has ordered a rehearing, but the convening authority finds a rehearing impracticable, he may dismiss the charges."

Here, then, are the alternatives open to the convening authority.

Furthermore, Government counsel's reliance upon United States v Field, supra, is misplaced. The portion of that opinion characterized as dicta alludes to the propriety of a convening authority's assessment of the sentence only when appellate authority sets aside the sentence returned by the court-martial "without limitation or qualification." United States v Field, supra, at page 384. Our action speaks for itself. Thus, under the circumstances of this case, United States v Field, supra, is meaningless.

The many authorities cited by both parties offer nothing to the Government's case. In large part, they are cases remanded to the board of review in the first instance. None look beyond this Court's initial action. Regardless, specificity prevails in each. In sum, where either a rehearing or reassessment of the sentence was deemed appropriate, our holding in each so stated.

In United States v Voorhees, supra, for example, a rehearing was ordered.

In United States v Berry, 6 USCMA 609, 20 CMR 325, certain charges were affirmed while others were set aside. The case was returned to the Judge Advocate General who, in his discretion, could "order a rehearing as to specifications 1 and 2 or dismiss them and return the case to the board of review for reassessment of an appropriate sentence on specifications 3 and 4." *Id.*, at page 614.

United States v Johnson, supra, was

returned to the initial reviewing authority so that he might, in his discretion, "dismiss the charge of. desertion and its lesser included offense of attempted desertion and order a rehearing on the sentence on the basis of Charge II, or order a rehearing on attempted desertion and a redetermination of the entire sentence by the court-martial. United States v Field, supra." (7 USCMA, at page 494.)

In United States v Kowert, supra, at page 682, the concluding paragraph reads in part:

". . . A rehearing may be ordered on the stated specifications, together with a reconsideration of the entire sentence. United States v Field, 5 USCMA 379, 18 CMR 3. In view of our decision and the earlier dismissal of Charge III by the convening authority, if a rehearing on Charge I is deemed impracticable, a rehearing of the sentence on the basis of the approved findings of guilty of Charge II may be ordered. United States v Voorhees, 4 USCMA 509, 16 CMR 83."

Believing that the board of review should have ordered a rehearing on the sentence instead of reassessing, we set aside its decision as to the sentence in United States v Swanson, 9 USCMA 711, 26 CMR 491, and ordered a rehearing thereon.

In United States v Zunino, 15 USCMA 179, 35 CMR 151, we simply opined that it was a case where a board of review was not under a mandatory requirement to provide for a rehearing. Cf. United States v Christopher, 13 USCMA 231, 32 CMR 231.

In light of these authorities, and in the absence of other direction, a rehearing on sentence should have been ordered or the charges should have been dismissed. Plainly, we can return this case for a rehearing on the sentence. We cannot, however, be impervious to the appellant's plea that he has suffered punishment beyond that of reasonable expectation. Without regard to the length of the appellate process still in progress, the probational suspension has alone placed this accused under an oderous cloud of almost two years duration.

In times past, where reason demanded it, we have, in the exercise of our discretion, dismissed all charges and specifications thereunder. Here the probational suspension of the sentence imposed on July 31, 1967, will expire shortly on July 31, 1968. In this sense, the call for a rehearing constitutes nothing more than a harassment. On the basis of this entire record then, we believe it justified and advisable to terminate the proceeding. Cf. Article 67, Code, supra; United States v Sheeks, 16 USCMA 430, 37 CMR 50; United States v Dickson, 16 USCMA 392, 37 CMR 12; United States v Heagy, 17 USCMA 492, 38 CMR 290. We so order.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The charge and specification is ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

While these proceedings were pending against the accused, he was honorably separated from the service. As a result, the proceedings have, in my opinion, abated. See my opinion in United States v Speller, 8 USCMA 363, 24 CMR 173; United States v Entner, 15 USCMA 564, 36 CMR 62; cf. United States v Cieslak, 13 USCMA 216, 32 CMR 216. Accordingly, I concur in the result.