UNITED STATES, Appellee

v

STANLEY GILLIARD, Airman First Class,
U. S. Air Force, Appellant

20 USCMA 534, 43 CMR 374

No. 23,656

April 30, 1971

*Major Frank T. Moniz* argued the cause for Appellant, Accused. With him on the brief was *Colonel Bertram Jacobson.*

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellee, United States. With him on the brief was *Colonel James M. Bumgarner.*

## Opinion of the Court

QUINN, Chief Judge:

In separate specifications, the accused was charged with wrongful possession, wrongful use, and wrongful transfer of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934.

At trial, the accused consented to the admission in evidence of a stipulation indicating that, during a law-

ful search of his room by an agent of the Office of Special Investigations, a smoking pipe was discovered in his dresser, which, on subsequent examination, yielded traces of unburned marihuana. Other evidence indicated that, previous to the search, the accused was advised of his right to remain silent and to have counsel. United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967). On discovery of the pipe, the accused was asked if it was his and he replied that "it was." Without objection by defense counsel, the agent testified to the statement. However, it is now contended that the agent's advice was deficient and that the statement should have been excluded from evidence.

The record demonstrates that the accused's acknowledgment of the ownership of the pipe was an integral part of his defense. As defense counsel summarized the defense, the "pipe . . . had been loaned to at least two individuals" and had been available to others; the accused "readily admitted" it was his but asserted from the moment "the agent came in there" that he "had no knowledge" it had been used for smoking marihuana. It is apparent that the absence of objection to the admission in evidence of the pretrial statement was not due to inadvertence or neglect, but to a positive purpose to further the theory of the defense. Consequently, if the agent's advice was inadequate, a matter which we do not decide, the conduct of the defense at trial forecloses consideration of the issue as a basis for reversal by this Court. United States v Masemer, 19 USCMA 366, 41 CMR 366 (1970); United States v Gustafson, 17 USCMA 150, 37 CMR 414 (1967). The same circumstances, including the stipulated fact that the pipe was found in the accused's dresser, compel the conclusion that the admission of the statement of ownership did not influence the accused to take the stand to testify in his own behalf. Cf. United States v Bearchild, 17 USCMA 598, 38 CMR 396 (1968).

Another assignment of error charges prejudicial conduct on the part of trial counsel in calling a witness to testify who, upon being asked whether he was with the accused in the barracks on the night of March 17, 1970, asserted his right against self-incrimination. It clearly appears from the record that trial counsel was surprised by the witness' action. In an out-of-court hearing, he indicated that the witness had given a statement to "the OSI concerning some of the specifications . . . and it . . . [was his] understanding that he would like to testify as to those particular things." However, the witness insisted upon the right to remain silent. On returning to in-court proceedings, the judge excused the witness and instructed the court members that the witness' election not to testify could not be "considered unfavorably against the accused." Since the witness admitted he had made a statement about the case and trial counsel's representation that he understood the witness would testify about some of the charges was undisputed, it cannot be concluded, as the accused would have us conclude, that trial counsel's conduct was irresponsible and calculated to influence the court members to speculate as to the witness' answers in a manner unfavorable to the accused. See United States v Bolden, 11 USCMA 182, 28 CMR 406 (1960). In any event, irrespective of the character of trial counsel's conduct, we are satisfied that in the circumstances of this case the judge's instruction to the court members was sufficient to guard against any inference adverse to the accused that might be drawn from the incident. See United States v Terry, 362 F2d 914 (CA 6th Cir) (1966), certiorari denied, 385 US 1029, 17 L Ed 2d 676, 87 S Ct 758 (1967).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge DARDEN concurs.

Judge FERGUSON concurs in the result.