UNITED STATES

v.

**Sergeant Steven P. GERBER, FR 154–54–2406 United States Air Force.**

**ACM 23654.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1982.

Decided 25 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain John V. Sullivan, and Major Theodore C. Jarvi, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Contrary to his pleas, the accused was found guilty of possession of cocaine, a vio-

lation of Article 134, U.C.M.J.[1] The approved sentence consists of a bad conduct discharge, confinement at hard labor for twelve months, forfeiture of $367.00 per month for twelve months, and reduction to airman basic. On appeal the accused asserts that the military judge erred by admitting a confessional stipulation into evidence and that the sentence is inappropriately severe. We disagree.

I

Prior to his plea, the accused moved to suppress certain items seized from his barracks room pursuant to an authorized barracks inspection. In an effort to facilitate litigation of this motion, the parties stipulated, in Prosecution Exhibit 2, to the facts surrounding the inspection and seizure of the items. In addition to this exhibit, the military judge also admitted Prosecution Exhibits 3 and 5, a photograph of a box in which a screen containing cocaine was found and a chemist's report which stated that laboratory analysis of the screen revealed the presence of cocaine.

The accused now argues that these exhibits, *taken together,* amounted to a confessional stipulation as defined in *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977). He argues further that since the military judge did not make the inquiries required by that case, the stipulation should not have been admitted.

▮ Initially, we note that the military judge admitted the stipulation for the sole purpose of ruling on the suppression motion. It was considered solely for that purpose and had no effect, whatsoever, on the merits of the case. *Bertelson* requires that an inquiry be made of the accused only if a stipulation of fact establishes a *prima facie* case for conviction, having the same effect as a plea of guilty. Our reading of the *Bertelson* case is that the *Bertelson* inquiry is required only if the stipulation is submitted on the merits as to guilt or inno-

cence. A stipulation of fact submitted solely for the purpose of deciding an interlocutory motion does not fall within the mandate of *Bertelson* and its inquiry is thus not required.

An additional oral stipulation of fact was entered into by the parties on the merits. That stipulation was as follows:

Prosecution Exhibit 1 for Identification, Prosecution Exhibit 3 for Identification and Prosecution Exhibit 4 for Identification were located, were found in the barracks room of the accused, barracks 1308, on 19 February 1982 during an authorized barracks inspection. They were found on a shelf in a locker within the room. They were located in a zippered cloth pillowcase. The screen, Prosecution Exhibit 3 for Identification, was located inside the Tupperware container, which is Prosecution Exhibit 4 for Identification, and Prosecution Exhibit 1 for Identification, a ledger, was sitting on top of Prosecution Exhibit 4 for Identification. All three items were inside the zippered cloth bag. Prosecution Exhibit 5 for Identification is a laboratory report which is an analysis of residue found on the surface of the screen, Prosecution Exhibit 3 for Identification.

▮ Again the military judge did not make any *Bertelson* inquiry of the accused. Anticipating a similar argument from the accused, i.e., that the oral stipulation taken in conjunction with the other prosecution exhibits amounts to a confessional stipulation, we again hold that no *Bertelson* inquiry was required. In order to be classified as a confessional stipulation, the stipulation must "ma[k]e out a *prima facie* case for the government, ... thus assuring the appellant's conviction without the production of prosecutorial evidence". *Bertelson, supra,* at 315. Thus, unless the stipulation admits every element of the offense charged, and no further evidence from the government is required for a finding of

---

1. At trial the accused was found guilty of twelve specifications alleging use, possession, sale and transfer of marijuana, cocaine and psilocybin. All of these, except the one posses-   sion of cocaine specification, were disapproved by the convening authority because of a defective seizure.

guilt, the stipulation is not confessional·and no *Bertelson* inquiry is required. To hold otherwise would effectively do away with stipulations generally for it would be a most unusual prosecutor who does not hope that a stipulation, considered along with all the other evidence in the case, will result in a finding of guilt.

In the case *sub judice,* the stipulation did not admit that the items seized were in the knowing, conscious, exclusive possession of the accused, nor that such possession was wrongful. Thus, the military judge did not err in admitting the oral stipulation. *United States v. Long,* 3 M.J. 400 (C.M.A.1977).

### II

 The accused next argues that the sentence, as reassessed by the convening authority, is inappropriately severe. Again we disagree. In determining the appropriateness of sentence reassessments, the primary considerations are the probable impact of the dismissed charges on the trial court's sentence deliberations, *United States v. Cruz,* 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974), and whether the sentence, as reassessed, is so grossly disproportionate to the affirmed charges as to be unconscionable. *United States v. Stene,* 7 U.S.C.M.A. 277, 22 C.M.R. 67 (1956). The approved sentence was within legal limits and was less severe than the sentence adjudged at trial.[2] Even under the provisions of Executive Order 12383, effective 1 October 1982, amending M.C.M., 1969 (Rev.), para. 127*c,* possession of cocaine is punishable by dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to airman basic. We note that while the Executive Order provides for different maximum punishments depending on the amount of marijuana possessed, no such distinction is made for the offense of possession of cocaine. Thus, the sentence approved by the convening authority is not so grossly disproportionate to the offense of on-base possession of cocaine as to be unconscionable. Furthermore, the probable

impact of the disapproved charges was not such that, absent them, the court would have found a punitive discharge or lengthy confinement inappropriate. *United States v. Fisher,* 6 M.J. 592 (A.F.C.M.R.), *pet. denied,* 6 M.J. 246 (1978).

Accordingly, the approved findings of guilty and sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and CANELLOS, Judge, concur.

---

**2.** The sentence adjudged included a dishonorable discharge, confinement at hard labor for 3 years and 6 months, total forfeiture of all pay and allowances and reduction to airman basic.