**UNITED STATES**

v.

**Sergeant Gregory J. IOSBAKER, FR 534–72–1279, United States Air Force.**

**ACM S26268.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Oct. 1983.

Decided 13 April 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

O'HAIR, Judge:

In a special court-martial before a military judge sitting alone, the accused, in

accordance with his pleas, was found guilty of three specifications alleging wrongful possession, use and distribution of marijuana on diverse occasions between January 1982 and March 1983, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934, as well as the wrongful possession of drug abuse paraphernalia, in violation of Article 92, U.C.M.J., 10 U.S.C. § 892. The court's sentence was a bad conduct discharge, confinement at hard labor for six months, a forfeiture of $250 per month for six months and a reduction to airman basic.

The staff judge advocate to the general court-martial (GCM) convening authority discovered that the accused had reenlisted on 15 April 1982 and thus the court did not have subject matter jurisdiction over misconduct occurring prior to that date.* As a result, the staff judge advocate recommended to the GCM convening authority that he approve only so much of the findings of guilty of the three specifications of Charge I as allege wrongful possession, use and distribution between 15 April 1982 and March 1983. He further advised: "I have given careful consideration to reassessment of the sentence, but I find the sentence to be appropriate and recommend that you approve the sentence." The GCM convening authority acted in accordance with such recommendations.

Appellate defense counsel now assert that the failure of the GCM convening authority to reassess the sentence after the partial disapproval of the findings of guilty addressed above was prejudicial error. We disagree.

■ As is reflected in the various cases cited in the appellate briefs, there appears to be little doubt as to the standard to be applied in those cases where one or more of the specifications or charges are disapproved after the sentence is announced. The reviewing authority must: (1) assess the probable impact of the dismissed charges on the trial court's sentence deliberations and, (2) decide whether the sentence, as reassessed, is so grossly disproportionate to the affirmed charges as to be unconscionable. *United States v. Gerber*, 15 M.J. 763 (A.F.C.M.R.1983); *United States v. Fisher*, 6 M.J. 592 (A.F.C.M.R. 1978).

■ In the case before us, we note that the GCM convening authority approved findings of guilty for three specifications, as amended, alleging drug misconduct on divers occasions between 15 April 1982 and March, 1983. Using the commonly accepted meaning of the term "divers" the convening authority need only find more than one act of misconduct under each specification to approve the findings of guilty for each. During the *Care* inquiry, the accused admitted the charged misconduct without too much particularity. However, the prosecution also presented the court with the accused's written confession, as well as two incriminating statements executed by airmen who observed the accused possess and use marijuana on more than one occasion between 15 April 1982 and March 1983 and who purchased marijuana from the accused on more than one occasion during the same time frame.

A further recitation of the contents of these confessions illustrates there is sufficient evidence of record to support the findings. The accused in his written confession admitted smoking marijuana on a daily basis from January 1982 to January/February 1983; he also admitted making 30–40 sales of marijuana during this same period. Airman Morton corroborated this confession by reporting that between September 1982 and March/April 1983 he observed the accused smoke marijuana approximately 100 times and that the accused sold him marijuana approximately 10 times. Airman Ulm reported that in February and March 1983 he observed the accused use marijuana approximately 9–10 times and

---

* The accused reenlisted prior to the decision in *United States v. Clardy,* 13 M.J. 308 (C.M.A.1982) which concluded that court-martial jurisdiction exists to try service members for offenses occurring during a prior enlistment when the member is discharged solely for the purpose of reenlisting and the military status remains uninterrupted.

the accused sold him marijuana approximately 6–10 times.

With this incredible amount of drug abuse, plus the approved finding of guilty for possessing drug abuse paraphernalia, we find that the disapproved portion of the findings had a minimal impact on the court's deliberations on the accused's sentence. Furthermore, this matter was appropriately brought to the attention of the GCM convening authority and the sentence as reassessed is clearly not so grossly disproportionate to the affirmed charges as to be unconscionable.

The findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and SNYDER, Judge, concur.