UNITED STATES, Appellee

v.

John R. LARSON, Major
U.S. Air Force, Appellant

No. 07-0263

Crim. App. No. 35934

United States Court of Appeals for the Armed Forces

Argued November 27, 2007

Decided April 25, 2008

RYAN, J., delivered the opinion of the Court, in which BAKER,
ERDMANN, and STUCKY, JJ., joined.  EFFRON, C.J., filed a
separate concurring opinion.


<u>Counsel</u>


For Appellant:  <u>Captain Timothy M. Cox</u> (argued); <u>Lieutenant
Colonel Mark R. Strickland</u> and <u>Captain Christopher S. Morgan</u> (on
brief); <u>Captain Chadwick A. Conn</u>.


For Appellee:  <u>Captain Jamie L. Mendelson</u> (argued); <u>Colonel
Gerald R. Bruce</u> and <u>Major Matthew S. Ward</u> (on brief).


Military Judges:  Patrick M. Rosenow and James L. Flanary


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

United States v. Larson, No. 07-0263/AF

Judge RYAN delivered the opinion of the Court.

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification each of attempted carnal knowledge and attempted indecent acts with a minor, violations of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2000); one specification of violating a lawful general regulation, a violation of Article 92, UCMJ, 10 U.S.C. § 892 (2000); and one specification each of communicating indecent language and using a facility or means of interstate commerce to attempt to entice a minor to engage in sexual activity, violations of Article 134, UCMJ, 10 U.S.C. § 934 (2000).

The members sentenced Appellant to dismissal from the service, confinement for nine years, and forfeiture of all pay and allowances. The convening authority approved the dismissal and forfeitures, but reduced Appellant's confinement to six years. The United States Air Force Court of Criminal Appeals affirmed. United States v. Larson, 64 M.J. 559 (A.F. Ct. Crim. App. 2006).

We granted review of the following issues:

I.

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT APPELLANT HAD NO REASONABLE EXPECTATION OF PRIVACY IN HIS GOVERNMENT COMPUTER DESPITE THIS COURT'S RULING IN UNITED STATES v. LONG, 64 M.J. 57 (C.A.A.F. 2006).

United States v. Larson, No. 07-0263/AF

                              II.

     WHETHER THE APPELLANT WAS DENIED THE EFFECTIVE
     ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH
     AMENDMENT AND ARTICLE 27, UCMJ, WHEN HIS CIVILIAN
     DEFENSE COUNSEL, IN HIS OPENING STATEMENT, DURING
     FINDINGS, AND AGAIN IN CLOSING ARGUMENT, CONCEDED
     THE APPELLANT'S GUILT TO VARIOUS CHARGES AND
     SPECIFICATIONS.[1]

   After oral argument in November 2007, this Court specified

the following related issues:

                              I.

     IN THE MILITARY JUSTICE SYSTEM, IS THE DECISION
     TO CONCEDE GUILT TO ONE OF MULTIPLE CHARGED
     OFFENSES DURING ARGUMENT A TACTICAL DECISION THAT
     COUNSEL MAY MAKE WITHOUT OBTAINING CONSENT OF THE
     ACCUSED?  SEE FLORIDA v. NIXON, 543 U.S. 175
     (2004); UNITED STATES v. CARE, 18 C.M.A. 535, 40
     C.M.R. 247 (1969); UNITED STATES v. BERTELSON, 3
     M.J. 314 (C.M.A. 1977).

                              II.

     ASSUMING, ARGUENDO, THAT COUNSEL MAY CONCEDE
     GUILT AS A TACTICAL MATTER AFTER CONSULTATION BUT
     WITHOUT CONSENT OF THE ACCUSED, DOES THE RECORD
     IN THE PRESENT CASE SUPPORT A CONCLUSION THAT
     COUNSEL CONSULTED WITH APPELLANT PRIOR TO MAKING
     SUCH A CONCESSION?  IF NOT, WAS THE FAILURE TO DO
     SO PREJUDICIAL AS TO THE FINDINGS OR SENTENCE?
     SEE STRICKLAND v. WASHINGTON, 466 U.S. 668
     (1984).[2]

     For the reasons stated below, we affirm the decision of the

lower court.

---

[1] 65 M.J. 253 (C.A.A.F. 2007).
[2] 65 M.J. 449 (C.A.A.F. 2007).

### I.  Appellant's Motion to Suppress

### A.  Factual Background

Appellant used the government computer in his military office to obtain sexually explicit material, to include pornographic images and video, from the Internet and to initiate instant message conversations with "Kristin," someone he believed to be a fourteen-year-old girl.  "Kristin" was actually a civilian police detective working to catch online sexual predators.

Civilian police and the Air Force Office of Special Investigations (AFOSI) cooperated in the investigation of Appellant.  The police used a proposed meeting between Appellant and "Kristin" at a local mall as a sting operation.  When Appellant arrived at the mall at the time he had arranged with "Kristin," the police arrested Appellant.  While conducting a search incident to arrest the police discovered a receipt for a package of condoms purchased just fifteen minutes earlier in Appellant's pocket.  During a consensual search of Appellant's car, police found a package of condoms and a book entitled Sexaholics Anonymous.

After Appellant's arrest, AFOSI continued to pursue its own investigation.  Appellant's commander, using a master key to the government office occupied by Appellant, allowed AFOSI agents to enter and to seize the government computer in the office.  A

search of the computer's hard drive revealed stored pornographic material, a web browser history that showed Appellant visited pornographic websites and engaged in sexually explicit chat sessions in his office on his government computer, and other electronic data implicating Appellant in the charged offenses.

At trial, Appellant asserted that the warrantless search of his government computer violated the Fourth Amendment and that the evidence obtained from it should be suppressed.  The military judge held an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), session to determine the admissibility of the evidence. Based on the testimony elicited at the Article 39(a), UCMJ, session the military judge made initial findings of fact on the record and later made detailed supplemental findings of fact.

The military judge found that Appellant was assigned to a private office and had a key to lock the office, but other Air Force personnel, including the fire department and the command's facility manager also had keys to his office.  The office contained a government computer that was provided to Appellant to accomplish official business.  The military judge found that Appellant could secure the computer with a personal password, but a system administrator could still access the computer. When Appellant logged on to the computer, he was required to click a button accepting conditions listed in a banner, which stated that the computer was Department of Defense property, was

for official use, and that he consented to monitoring.  The military judge found that, while Appellant "reasonably understood that he was allowed to send personal e-mail or visit the internet as long as it didn't interfere with [his] duties," this did not change the fact that the government owned the computer and had a right to access it.  This finding was largely based on the testimony of Appellant's commander, who testified that he could log onto Appellant's computer with his own password and access all portions of the hard drive unless Appellant had protected something with his own password. Although the military judge did not specifically reference the commander's access in his findings, this testimony adds further support to the military judge's ultimate ruling.  Moreover, no evidence was presented that any of the evidence recovered from the hard drive was password protected.

In light of these facts, the military judge ruled that the Government had established by a preponderance of the evidence that Appellant had no reasonable expectation of privacy in the government computer because the computer had a "consent to monitoring" banner that had to be acknowledged with each log on, the system administrator had access to every part of the computer, including the hard drive, and the computer was government property.

B.  Fourth Amendment Analysis

We review the denial of a motion to suppress for an abuse of discretion.  United States v. Khamsouk, 57 M.J. 282, 286 (C.A.A.F. 2002).  Findings of fact are affirmed unless they are clearly erroneous; conclusions of law are reviewed de novo. United States v. Flores, 64 M.J. 451, 454 (C.A.A.F. 2007) (citing Khamsouk, 57 M.J. at 286).  We consider the evidence in the light most favorable to the prevailing party.  United States v. Reister, 44 M.J. 409, 413 (C.A.A.F. 1996).

The military judge concluded that the Government had carried its burden of establishing that Appellant had no reasonable expectation of privacy in the government computer. The lower court agreed, and held that the military judge did not abuse his discretion.  Larson, 64 M.J. at 563.  We agree.

The Fourth Amendment of the Constitution generally requires probable cause for searches of places and things in which people have a reasonable expectation of privacy.  U.S. Const. amend. IV.  In addressing Fourth Amendment privacy claims, the threshold issue is whether the person has a legitimate expectation of privacy in the invaded place.  Rakas v. Illinois, 439 U.S. 128, 143 (1978).  This inquiry invites a court to address whether the individual had a subjective expectation of privacy, and if so whether the subjective expectation of privacy is one that society is prepared to accept as reasonable.  Smith

_v. Maryland_, 442 U.S. 735, 740 (1979), superseded by statute, Electronic Communications Privacy Act of 1986, 18 U.S.C. § 3121(a) (2000) (prohibiting installation of a pen register without a court order).

As the property searched here was a government computer, Military Rule of Evidence (M.R.E.) 314(d), which addresses the search of government property, pertains.  It states:

> Government property may be searched under this rule
> unless the person to whom the property is issued or
> assigned has a reasonable expectation of privacy
> therein at the time of the search.  Under normal
> circumstances, a person does not have a reasonable
> expectation of privacy in government property that is
> not issued for personal use. . . .

Emphasis added.  The discussion to this rule recognizes that the presumption that there is no reasonable expectation of privacy in government property is rebuttable.  Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-26 (2005 ed.).  Whether there is a reasonable expectation of privacy in government property is determined under that totality of the circumstances, which includes the rebuttable presumption.  See, e.g., Samson v. California, 547 U.S. 843, 848 (2006); M.R.E. 314(d).

In this case, based on the totality of circumstances presented including the factors identified below, Appellant fails to rebut and overcome the presumption that he had no reasonable expectation of privacy in the government computer

8

provided to him for official use.  M.R.E. 314(d).  There is no evidence Appellant had a subjective expectation of privacy in the government computer, and he did not testify that he did. See Flores, 64 M.J. at 454 (factoring into the reasonable expectation of privacy analysis the fact that the accused did not testify on the motion to suppress).  Moreover the access to this computer by both Appellant's commander and the system administrator supports the validity of the presumption that he had no reasonable expectation of privacy in the government computer.

Finally, the military judge found as fact that when Appellant used the computer "a banner appeared that state[d] that it was a DOD computer, it [was] for official use, not to be used for illegal activity.  [And that] [i]t also had a statement that users of the computer consent to monitoring."  This factual finding is supported by the record, is not clearly erroneous and, taking the facts in the light most favorable to the prevailing party, establishes both that Appellant was put on notice that the computer was not to be used for illegal activity and that there could be third-party monitoring.

Appellant argues that this case is controlled by this Court's decision in United States v. Long, 64 M.J. 57 (C.A.A.F. 2006), which he claims establishes that he had a reasonable expectation of privacy in his government computer.  That

reliance is misplaced. We made clear in Long that our decision was rooted in the "particular facts of that case, [and] we conclude[d] that the lower court was not clearly erroneous in its determination that Appellee had a subjective expectation of privacy in the e-mails she sent from her office computer and in the e-mails that were stored on the government server." Id. at 63.

The present case is factually distinguishable from Long. Long rested in large part on the testimony of the command's network administrator: "the testimony of the network administrator [as to the agency practice of recognizing the privacy interests of users in their e-mail] is the most compelling evidence supporting the notion that Appellee had a subjective expectation of privacy." Id.

Here, unlike in Long, Appellant presented no evidence that he enjoyed an expectation of privacy in materials on his government computer. And, unlike in Long, the testimony of Appellant's commander and the military judge's findings of fact established both monitoring of and command access to the government computer.

Long does not control the decision here, and we agree with the CCA that the military judge did not abuse his discretion in concluding that Appellant had no expectation of privacy in the government computer. Larson, 64 M.J. at 563.

II.  Appellant's Ineffective Assistance of Counsel Claim

A.  Factual Background

As the trial on the merits began, the military judge instructed the panel that "the opening statements are the views of what both counsel believe the evidence will show you.  The opening statements are not evidence in and of themselves."  Included in Appellant's civilian defense counsel's opening statement to the members were the following comments about Appellant's use of his government computer:

> You're going to see that Major Larson was employed and used his computer in an inappropriate fashion. There's no question about that.  That's not going to be an issue in this case.  It's going to be conceded. Major Larson took his computer and used it inappropriately.
>
> You're going to hear that there is a regulation or rule that you are not to use your computer for particular purposes. . . . [I]t's not going to be the defense contention in this case that Major Larson -- that it was ever intended for Major Larson to get on the computer and start going into profiles and contacting individuals in chat rooms, and profiles, and downloading photos. . . . [T]hat is not going to be an issue in this case.

Civilian defense counsel ended his opening statement in a similar vein:

> But, when it gets down to the truth of this case -- and I'm not going to get up here and try to represent something to you that's not true -- Major Larson is guilty of misusing his computer because it was never anticipated by [Appellant's superiors] that he was to use that computer for those reasons.  It wasn't, and he shouldn't have done that . . . .  But, he certainly never attempted to do what they're claiming he did.  And we're going to ask you at the

conclusion of this case to find him not guilty of those charges and specifications.

As civilian defense counsel concluded his opening statement, the military judge again instructed the panel that "opening statements of both sides are simply their views and they are not evidence in and of themselves."

As the case approached its conclusion, and before closing arguments, the military judge repeated his instruction about the relationship of arguments and evidence in the case:

> You will hear an exposition of the facts by counsel for both sides as they view them. Bear in mind that the arguments of counsel are not evidence. Argument is made by counsel to assist you in understanding and evaluating the evidence, but you must make the determination of the issues in the case on the evidence as you remember it and apply the law as I instruct you.

In closing argument, civilian defense counsel argued, as relevant to the granted issues:

> In this case, Major Larson is presumed innocent. It's hard to think of innocence and the concept of being presumptively innocent or free of any guilt after you've had an opportunity to view some of [the] things that you see in this case. The despicable photographs, the downloaded pictures, some of the chats, the indecent language that was communicated, but the fact is, is that presumption of innocence is there and remains there, unless the prosecution proves every element of every charge beyond a reasonable doubt.
>
> . . . .
>
> . . . Major Larson has a problem in viewing sexually explicit materials. There's no question about that.

12

I said to you in the opening that he violated -- he did not obey a lawful order and that's viewing sexually explicit material over the internet.

. . . .

. . . There are a lot of things that I've forgotten and there are a lot of issues that I won't necessarily raise and bring up and for that I'm sorry. And I apologize to my client if I forgot to mention things that are important, certainly, that you might feel they're important. But I know that each and every one [of] you are dedicated, your service here and I know that each one of you believe that it in order to do this job right, in order to make sure that this officer, and yes, an officer that made bad choices and bad decisions, and he disobeyed his lawful orders, and certainly communicated indecent language and he did things, and thinking this was in the privacy of his own office, but certainly took advantage of that and brought, I think, discredit upon the service, you know, a disreputable situation and for that I'm sure you can -- you know that this man is embarrassed and sorry for that.

Appellant's civilian counsel's argument, both in opening and closing, stressed that he did not contest the fact that Appellant improperly used a government computer. Appellant filed an affidavit with the CCA asserting that his civilian defense counsel did not consult him before making the decision to not contest that charge, and that this failure to consult amounted to a violation of his Sixth Amendment right to counsel. Appellant claimed that the arguments caused him to rule out the option of testifying.

That court ordered trial defense counsel to answer four specific questions, one of which was what specific discussions occurred between trial defense counsel and Appellant regarding

concessions of fact concerning Appellant's guilt.  Counsel responded to the CCA's order, but did not answer the question.

Puzzlingly, the CCA accepted trial defense counsel's non-response and proceeded to determine that Appellant's counsel was not constitutionally deficient.  Larson, 64 M.J. 564.  Relying on an affidavit of civilian defense counsel that averred that the defense team concluded that there was no plausible defense to the Article 92, UCMJ, offense of wrongfully viewing sexually explicit images on the government computer, the lower court reasoned it would not "second-guess such tactical decisions made to seize and retain credibility with the members, particularly when, as here, the trial defense team's efforts are directed toward minimizing their clients punitive exposure."  Larson, 64 M.J. at 565.

### B.   Sixth Amendment Analysis

#### 1.

Defense counsel "undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." Florida v. Nixon, 543 U.S. 175, 187 (2004) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)); see also Pineo v. State, 2006 ME 119, ¶¶ 12-16, 908 A.2d 632, 638-39 (applying Nixon in a non-capital case). Whether the client must consent to the strategic decision made by counsel before counsel may proceed is a different question.

United States v. Larson, No. 07-0263/AF

See Taylor v. Illinois, 484 U.S. 400, 417-18 (1988) ("Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has -- and must have -- full authority to manage the conduct of the trial.") (footnote omitted).

In Nixon, the Supreme Court determined that, based on the facts of that case, an attorney who consulted with his client need not acquire the consent of the client before making the strategic decision to concede some or all aspects of a crime at trial in order to achieve an acceptable overarching strategic goal as long as the defendant "retained the rights accorded a defendant in a criminal trial." 543 U.S. at 188. And federal courts have consistently held that "conceding guilt to one count of a multi-count indictment to bolster the case for innocence on the remaining counts is a valid trial strategy which, by itself, does not rise to the level of deficient performance." United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002); see also United States v. Swanson, 943 F.2d 1070, 1075-76 (9th Cir. 1991) (recognizing "that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges"); Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990) (holding that because defense counsel's "remarks were largely attributable to trial strategy, we cannot, in keeping with

15

Strickland, second-guess counsel's tactical choices" to concede).

Nor is it true, as Appellant contends, that this case falls outside of Nixon because trial defense counsel's actions in this case foreclosed a contested trial on the charged offenses and were tantamount to a confession.[3] Just as in Nixon, the Government was still required "to present during the guilt phase competent, admissible evidence establishing the essential elements of the crimes . . . charged . . . . [,] the defense reserved the right to cross-examine witnesses . . . and . . . [did] endeavor . . . to exclude prejudicial evidence." 543 U.S. at 188.

In this case, the Government presented evidence on all charges, covered all charges in its opening and closing argument, and the members were instructed on each charged offense by the military judge. Moreover, as noted by the military judge both before and after argument, counsel's statements during argument were not evidence; his statements did not relieve the Government of its burden of proof, inject new

---

[3] Nothing in United States v. Bertelson, 3 M.J. 314 (C.M.A. 1977), or United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969), dictates a different result. In this case there was nothing analogous to a guilty plea or confessional stipulation that might have allowed the members to abdicate their duty to find Appellant guilty of every element of each of the charged offenses.

factual matters into the trial, or stand as the legal equivalent of a confession.

2.

If the evidence showed trial defense counsel had an in-depth discussion with Appellant regarding counsel's strategic choice, this might be a very different case.  See Davenport v. Diuguglielmo, 215 F. App'x 175, 181 (3d Cir. 2007) (stating "[t]he Court in Nixon held 'counsel's strategic choice is not impeded by any blanket rule demanding the defendant's explicit consent' as long as counsel informed the defendant of the strategy before he proceeded and it satisfied the Strickland standard" (quoting Nixon, 543 U.S. at 192)).  But the response requested, and non-response accepted, at the lower court on the question whether such consultation took place do not inform this Court as to what, if any, discussions occurred, and if they did occur, what was said.  Therefore we will assume deficient performance of counsel for failure to consult on the strategic decision to concede guilt in argument to one of the offenses charged and move on to determine whether Appellant was prejudiced.  See Strickland, 466 U.S. at 697 (stating that a court may "dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice"); United States v. McConnell, 55 M.J. 479, 481 (C.A.A.F. 2001) (stating the same).

United States v. Larson, No. 07-0263/AF

Appellant argues that he was prejudiced by his civilian defense counsel's decision to concede his improper use of a government computer during argument because it ensured a guilty verdict with respect to the Article 92, UCMJ, charge and effectively prevented him from taking the stand in his own defense.  Whether there was prejudice depends on whether there is "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." United States v. Polk, 32 M.J. 150, 153 (C.M.A. 1991) (citations and quotation marks omitted).  The appellant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Appellant has not met his burden.  We are convinced beyond a reasonable doubt there was no prejudice and that there is no reasonable probability that the factfinder would have had a reasonable doubt respecting Appellant's guilt but for his civilian defense counsel's error.  Based on the evidence adduced at trial there was no question that Appellant had in fact attempted carnal knowledge and indecent acts with a child, attempted to entice a minor, violated an order regarding the use of his government computer, and used indecent language.

First, the evidence supporting the charged offenses was overwhelming. The prosecution presented pornographic material taken from Appellant's computer, sexually explicit chat sessions between Appellant and an individual who said she was underage, Appellant's online profile, which included his picture, testimony that showed Appellant was apprehended at a rendezvous based on a meeting set up in the aforementioned chat sessions, and evidence that Appellant had purchased a package of condoms only fifteen minutes before the meeting. Second, no plausible defense to the Article 92, UCMJ, offense of wrongful use of a computer or other offense has been raised by Appellant. Relatedly, Appellant fails to tell us what he would have testified to absent his counsel's comments. Third, Appellant does not argue that his defense at trial to the remaining charges -- that he believed he was actually talking to someone of a more appropriate age -- was in any way undercut by counsel's strategic choice. And finally, the military judge instructed the members three times that the arguments of counsel were not evidence.

While, post hoc, Appellant may wish that his attorney had engaged in a "useless charade," United States v. Cronic, 466 U.S. 648, 656 n.19 (1984), given the facts of this case we conclude that there was no prejudice stemming from the fact that he did not.

                        III.  Decision

     The decision of the United States Air Force Court of

Criminal Appeals is affirmed.

United States v. Larson, 07-0263/AF

EFFRON, Chief Judge (concurring):

With respect to Appellant's claim that counsel was ineffective by conceding guilt in his opening statement and closing argument as to a charge in a case involving multiple offenses, I agree that any error was not prejudicial under the second prong of Strickland v. Washington, 466 U.S. 668, 687 (1984).  The question of whether, in the military justice system, the consent of an accused is required prior to such a concession is a matter that may be deferred until a case presents a more clearly developed record on that issue.  See Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a) (2000); United States v. Honeycutt, 29 M.J. 416, 419 n.4 (C.M.A. 1990); United States v. Haye, 29 M.J. 213, 215 (C.M.A. 1989); United States v. Bertelson, 3 M.J. 314, 317 (C.M.A. 1977); United States v. Care, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969); Rule for Courts-Martial (R.C.M.) 811(c); R.C.M. 906(b)(10); R.C.M. 910.