# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant VICTOR D. WILSON**
**United States Army, Appellant**

ARMY 20140220

Headquarters, United States Army Recruiting Command
Scott R. Lawson, Military Judge
Colonel Cheryl R. Lewis (pretrial)
Colonel Timothy J. Cody (post-trial)

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

18 January 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of violating a general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 [hereinafter UCMJ] (2012); the military judge convicted appellant, contrary to his pleas, of two specifications of abusive sexual contact and two specifications of communicating indecent language, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 892, 934 (2006 and Supp. IV, 2012).  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ.  Appellant raises two assignments of error; one of them, dilatory post-trial processing, merits brief discussion and relief.  His second assignment of error merits brief discussion but no relief.  We have also considered matters personally raised by appellant under *United*

*States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); beyond his complaint regarding post-trial delay, they lack merit.

*Post-trial Delay*

The government is accountable for each of the 405 days that elapsed between announcement of sentence and the convening authority's action. *United States v. Banks*, 75 M.J. 746, 751 (Army Ct. Crim. App. 2016). Trial defense counsel took only eight days to submit clemency matters, after requesting speedy post-trial processing multiple times. The government took over 150 days to transcribe the 434-page record, and the military judge took approximately 150 days to authenticate it. The facts and circumstances do not justify the delay.[*]

We review de novo appellant's claim that he has been denied his due process right to a speedy post-trial review. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Our superior court has adopted a four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972) to determine whether a due process violation has occurred: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.*

While appellant has not met his burden to establish prejudice, he has been denied due process. We so conclude after "balancing the other three factors, [and finding] the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). We reassess the sentence, and affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-nine months, and reduction to E-1.

We must also review the appropriateness of appellant's sentence in light of the lengthy post-trial processing. *See* UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). Upon review of the entire record, we find appellant's reassessed sentence is appropriate.

---

[*] We invite practitioners' attention to the substitute authentication procedures authorized in the Rules for Court Martial.

*Cumulative Error*

Appellant also asserts the cumulative effect of two errors in his court-martial deprived him of his right to a fair trial. We disagree.

Specifically, appellant alleges government counsel improperly "use[d]" the providence inquiry to prove another offense to which appellant had pleaded not guilty. Indeed, during closing argument government counsel did make a brief, opaque and awkward reference to his providence inquiry. However, defense counsel did not object. Appellant has not met his burden to show this argument was plainly and obviously erroneous; even were we to conclude it was, it did not materially prejudice appellant's substantial rights. *See United States v. Larson*, 66 M.J. 212, 217 (C.A.A.F. 2008) (Argument is not evidence.); *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (Military judges are presumed to know the law and to follow it absent clear evidence to the contrary.).

Second, citing the best evidence rule, Military Rule of Evidence [hereinafter Mil. R. Evid.] 1004, appellant alleges the military judge abused his discretion by allowing testimony from a law enforcement officer describing the contents of a surveillance video near the recruiting office where appellant was assigned. The video itself was not offered in evidence. Trial defense counsel preserved the issue by objecting, but in so doing said: "The line of questioning, I believe the government is going down, is going to discuss *video surveillance that is no longer around*." The law enforcement officer also described his inability to obtain the video: "We weren't able to download the video. I don't remember if it was a hardware problem with their system or what exactly the problem was." Under the facts and circumstances, the military judge's decision to hear the witness's testimony was well within the bounds of reasonable discretion. *See* Mil. R. Evid. 1004(b).

**CONCLUSION**

The findings of guilty are AFFIRMED. Reassessing the sentence in accordance with *Tardif*, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for twenty-nine months, and reduction to E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored.

Senior Judge CAMPANELLA and Judge HERRING concur.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court